UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RHONDA K. ELDRIDGE,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:13-cv-362

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition to Plaintiff's Statement of Errors (doc. 14), Plaintiff's reply memorandum (doc. 15), the administrative record (doc. 7),[2] and the record as a whole.

I.

    A.    **Procedural History**

Plaintiff filed for SSI on September 10, 2010 alleging a disability onset date of January 1, 2005. PageID 206-10. Plaintiff suffers from a number of impairments including, among others,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

degenerative disc disease of the lumbar spine, chronic right leg phlebitis, obesity, asthma, depression, and anxiety. PageID 55.

After initial denials of her applications, Plaintiff received a hearing before ALJ Christopher L. Dillon on August 7, 2012. PageID 71-97. On August 20, 2012, the ALJ issued a written decision finding Plaintiff not disabled. PageID 52-66. Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since August 20, 2019, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; chronic right leg phlebitis; obesity; asthma; depression; and anxiety (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform sedentary work as defined in 20 CFR 416.967(a)[3] subject to the following limitations: no climbing ropes, ladders, or scaffolds; no foot control operation with the right lower extremity; no exposure to environmental extremes such as dust, gas, fumes, heat, or cold; no more than occasional contact with the public; and simple, repetitive tasks with no production quotas.[4]

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born [in] . . . 1969 and was 41 years old, which is defined as a younger individual 18-44, on the date the application was filed (20 CFR 416.963).

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

[4] For purposes of this appeal, Plaintiff challenges the ALJ's analysis of her physical limitations, but does not dispute the ALJ's RFC determination as it relates to her mental limitations. Doc. 11 at PageID 501.

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 20, 2010, the date the application was filed (20 CFR 416.920(g)).

PageID 55-65.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 42-45. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 52-66. Plaintiff, in her Statement of Errors, also sets forth an extensive summary of the evidence of record. Doc. 11 at PageID 500-05. The Commissioner's response to the Statement of Errors presents no separate extensive statement of facts and offers no objections to the statement of facts presented by the ALJ or Plaintiff. Doc. 14 at PageID 525. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

4

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (A) failing to give good reasons for assigning less than controlling weight to the opinion of Imtiaz Ahmed, M.D., her treating physician; and (B) failing to include essential medical evidence in the administrative record. Doc. 11 at PageID 506-14. These two arguments are addressed in turn.

### A. Dr. Ahmed

The undersigned first addresses Plaintiff's contention that the ALJ failed to properly weigh the opinion of Dr. Ahmed, her treating physician. "[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).

Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.9227(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion

well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*.

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 416.927(c).[5] In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

An ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 416.927(d)(3); *see*

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

7

*Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

Here, Dr. Ahmed concluded, on four separate occasions over a period exceeding three years, that Plaintiff could stand and/or walk for twenty minutes at a time, for up to an hour per workday; could sit for thirty minutes at one time, for up to two to three hours in a workday; was limited to lifting ten pounds; was extremely limited in her ability to push and pull; markedly limited in her ability to bend and complete repetitive movements; and moderately limited in her ability to reach and handle objects. PageID 436-37, 439, 441. A Vocational Expert testified at the administrative hearing that an individual with such limitations would not be able to sustain employment in the national or local economy and, therefore, would be disabled under the Social Security Act. PageID 96.

The ALJ found that Dr. Ahmed's opinion should not "be given controlling, or even deferential weight." PageID 56-57. In discounting Dr. Ahmed's opinion, the ALJ focused on: (1) insufficient support for his opinion in the treatment record including, but not limited to, Dr. Ahmed's "sparse" treatment record and/or medically-acceptable clinical and laboratory findings; and (2) the apparent success of Plaintiff's "conservative treatment." PageID 56-57, 61.

**1.**

The undersigned concludes that the ALJ failed to adequately explain how Plaintiff's treatment record, including Dr. Ahmed's "sparse treatment record," or "medically acceptable clinical and laboratory diagnostic [findings]," fails to support Dr. Ahmed's opinion. PageID 56, 61. With regard to the apparent sparseness of Dr. Ahmed's treatment record, the undersigned

8

finds this critique ambiguous because it is unclear what the ALJ means. Perhaps, the ALJ found an overall lack of treatment notes from Dr. Ahmed in the evidentiary record. Or, perhaps, the ALJ found a lack of detail in the records provided, such as the lack of objective findings noted in the treatment record supporting Dr. Ahmed's opinion. The lack of explanation by the ALJ in this regard -- and thus his lack of reasoning to support his non-disability finding -- deprives the undersigned of the ability to determine "to which aspect of the controlling-weight test this critique is relevant," and to otherwise meaningfully review the ALJ's decision. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-77 (6th Cir. 2013).

Similarly, with regard to the ALJ's statement -- that clinical or laboratory diagnostic findings fail to support Dr. Ahmed's opinion -- again, the ALJ fails to expound upon this statement. PageID 56. The ALJ's critique could be read to state that the record is devoid of any such evidence at all, but the ALJ fails to specifically state as such. PageID 56, 61. Insofar as this critique could be read to state that the clinical or diagnostic evidence present in the record fails to support Dr. Ahmed's conclusion, the ALJ fails to specifically reference this evidence and explain how it contradicts Dr. Ahmed's opinion. *Id.* Again, the lack of explanation and ambiguity in the ALJ's critique hinders meaningful review by this Court. *Accord Gayheart*, 710 F.3d at 377 (finding error where the ALJ concluded only that the treating physician's opinions were "not well-supported by any objective findings" because the court could not "determine whether the purported problem is that the opinions rely on findings that are not objective . . . or that the findings are sufficiently objective but do not support the content of the opinions").

**2.**

In addition to the conclusory and ambiguous statements set forth above, the ALJ, in weighing the factors under 20 C.F.R. §§ 416.927(c)(2)(i)-(6), references the nature of Plaintiff's

treatment,[6] *i.e.*, that her "degenerative disc disease of the lumbar spine is being treated with epidural steroid nerve block injections and prescribed pain treatment." PageID 56, 61. The ALJ also finds that Plaintiff's impairments "are all stable with [such] conservative treatment." PageID 61; *see also* PageID 56. The ALJ, however, points to no specific treatment record noting the stability of Plaintiff's impairments but, instead, points to the absence of any statement from her treating neurosurgeon, Kamel Abraham, M.D. indicating "that the steroid injections and prescribed pain medication are not controlling [her] back pain." PageID 56, 61.

Dr. Ahmed referred Plaintiff to Dr. Abraham for pain treatment, including steroid injections and pain medication, from September 2011 through March 2012. PageID 88-89, 410-24. Notably, Dr. Abraham's records consist only of specific descriptions concerning the treatment performed on a specific date -- detail such as the point of an injection and the dosage injected -- and contain no opinion for which the ALJ was required to give controlling weight. PageID 418-29; c*f. Stroud v. Comm'r of Soc. Sec.*, 504 F. App'x 458, 460 (6th Cir. 2012) (concluding that descriptions of plaintiff's "symptoms, diagnoses, and prescriptions" were not "opinion[s] to be given controlling weight").

It is unclear how the absence of a statement by Dr. Abraham regarding the effectiveness of Plaintiff's treatment -- especially given the nature of those records, PageID 418-29, as detailed above -- reasonably results in a conclusion that her treatment successfully managed her pain to the point she could work on a sustained basis. In fact, a careful review of Plaintiff's treatment record reveals ongoing complaints of pain and clinical findings consistent with such pain -- *i.e.*, tenderness in the lower back, right knee, and swelling in the right leg -- throughout her treatment with Dr. Abraham. PageID 380-98. The ALJ failed to acknowledge these findings. PageID 56,

---

[6] As set forth more fully above, the nature of Plaintiff's treatment is a factor "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 377.

10

61. An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position." *Hawthorne v. Comm'r of Soc. Sec.*, No. 3:13-cv-179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)).

Based upon all of the foregoing, the undersigned concludes that the ALJ erred in analyzing the weight accorded to the opinion of Dr. Ahmed, Plaintiff's treating physician. As a result, the undersigned recommends that the Commissioner's non-disability finding be reversed as unsupported by substantial evidence.

### B. Completeness of the Administrative Record

Plaintiff also argues that the ALJ erred by failing to consider all of the medical evidence submitted administratively by her attorney -- namely, records her attorney faxed to the Social Security Office of Disability Adjudication and Review one day before the hearing on August 7, 2012 -- and, therefore, the ALJ rendered a non-disability finding based on an incomplete administrative record. Doc. 11 at PageID 506-09. In response, the Commissioner concedes that the ALJ did not consider exhibits 11F through 14F, but argues that omission constitutes harmless error because "Plaintiff fails to clarify why Exhibits 11F through 14F would have changed the ALJ's reasoning." Doc. 14 at PageID 526-30.

In support of their arguments in this regard, both parties cite 20 C.F.R. § 416.1435, which provides that, during the administrative review process, "the evidence or a summary of evidence [a claimant] wish[es] to have considered at the hearing should be submitted to the administrative law judge with the request for hearing or within 10 days after filing the request." The regulation further provides that "[e]ach party shall make every effort to be sure that all material evidence is received by the [ALJ] or is available at the time and place set for the hearing." *Id*. This regulation appears to require only that a claimant make efforts to have all evidence submitted to

11

the ALJ by the time of the hearing, *id.*, a task Plaintiff successfully completed in this case. *See* PageID 449, 457, 469, 483.

However, the controlling regulation that neither party cites in their briefs requires that "[a]ny written evidence that [a claimaint] wish[es] to be considered at the hearing must be submitted no later than five business days before the date of the scheduled hearing." 20 C.F.R. § 405.331(a). The ALJ "may decline to consider the evidence" not timely submitted in the absence of an exception set forth in 20 C.F.R. §§ 405.331(b) or (c), *i.e.*, a misleading act by the Commissioner, a "physical, mental, educational, or linguistic limitation" preventing the timely submission, or "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [claimant's] control prevent[ing] [the claimant] from submitting the evidence earlier." 20 C.F.R. § 405.331(b).[7]

Here, the ALJ made no specific finding as to why all of the additional medical records submitted by Plaintiff to the Office of Disability Adjudication and Review before the hearing were not considered. PageID 52-66, 67-70, 71-97. The reason, perhaps, is because the ALJ was amenable to accepting all of the records submitted by Plaintiff in advance of the hearing, but mistakenly believed that all of such evidence had "been exhibited all the way up to Exhibit 10F." PageID 75-76. The additional records provided by Plaintiff were not fully accounted for through exhibits 10F, and instead, appeared before the Appeals Council, and now before this Court, as exhibits 11F through 14F. PageID 448-84. Certainly, 20 C.F.R. § 405.331 does not require the ALJ to disregard any untimely submitted evidence and, here, it appears the ALJ was inclined to

---

[7] Plaintiff does not request a remand pursuant to Sentence Six of 42 U.S.C. § 405(g) and, therefore, the undersigned does not consider such a remand. *Accord Mitchell v. Comm'r of Soc. Sec.*, No. 13CV01969, 2014 WL 3738270, at * 11 n.9 (N.D. Ohio July 29, 2014). Assuming, *arguendo*, that Plaintiff set forth a Sentence Six argument, her submission of the subject evidence in advance of the administrative hearing makes "a [S]entence [S]ix remand . . . not a potential avenue for relief[.]" *Schroeder v. Comm'r of Soc. Sec.*, No. 1:11-CV-02279, 2012 WL 7657831, at *18 (N.D. Ohio Oct. 16, 2012).

consider such evidence despite the untimely submission and the omission of such exhibits from the record resulted from mere oversight. PageID 76.

All of the foregoing, however, is academic because the undersigned concludes, *supra*, that the ALJ failed to properly weigh Dr. Ahmed's opinion. Because the undersigned recommends that this case be remanded for further proceedings under the Fourth Sentence of 42 U.S.C. § 405(g), *see infra*, should Judge Rice agree that remand is proper, the undersigned further recommends that the ALJ not be precluded from "consider[ing] these records as well as the material previously reviewed" on remand. *Morris v. Comm'r of Soc. Sec.*, No. 12-14922, 2013 WL 5853272, at *2 n.2 (E.D. Mich. Oct. 30, 2013) (citations omitted)).

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming. While the ALJ, in his decision, did not analyze any other medical source opinion contradicting Dr. Ahmed's opinion, contradictory medical source opinions appear in the record -- namely, the opinions of record reviewing physicians Willa Caldwell, M.D. and Dimitri Teague, M.D. PageID 102, 114. Accordingly, the

undersigned concludes that remand for further proceedings is proper so that the ALJ can meaningfully explain the weight to be accorded all medical evidence of record and determine anew Plaintiff's disability status.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  November 19, 2014                     *s/ Michael J. Newman*
                                             Michael J. Newman
                                             United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).